34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Dallandyshe MERLICKA, Ardjan Kaloshi, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

Nos. 04–5443–ag (L), 04–5453–ag (Con).

United States Court of Appeals, Second Circuit.

July 14, 2006.

Richard Tarzia, Belle Mead, NJ, for Petitioner.

Roslynn Mauskopf, United States Attorney for the Eastern District of New York,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Varuni Nelson, Margaret Kolbe, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: DENNIS JACOBS, B.D. PARKER and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Dallandyshe Merlicka and Ardjan Kaloshi, natives of Albania, appeal from the BIA's order affirming Immigration Judge ("IJ") Paul Defonzo's order denying Merlicka's application for asylum and withholding of removal and Kaloshi's application for a waiver pursuant to Section 212(d)(11) of the Immigration and Nationality Act ("INA"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

■ Kaloshi argues that the IJ's finding regarding Kaloshi's motivation for smuggling Merlicka into the United States was inconsistent with the IJ's finding that Merlicka had a subjective fear of being kidnaped in Albania and forced into prostitution. Kaloshi alleges that the IJ was not acting in a fair, reasonable, and impartial manner in making such a decision, and thus, violated his due process rights. As we held in *Saloum v. USCIS,* 437 F.3d 238, 243 (2d Cir.2006), a petitioner's invo-

cation of the language of "due process" does not itself suffice to provide this Court with jurisdiction to review the denial of a 212(d)(11) waiver. Although we retain jurisdiction to review due process challenges under the "constitutional claims" language of the REAL ID Act, "a petitioner must allege at least a colorable constitutional violation." *Id.* Kaloshi's claim that the IJ violated his due process rights is nothing more than an "abuse of discretion" argument. We therefore lack jurisdiction. *See id.* at 244.

As to Merlicka's asylum and withholding claims, Merlicka argues that she gave sufficient detail in her testimony about the past persecution she suffered. She also claims that because many of the acts of persecution she cites occurred when she was a child, it would be unreasonable to testify about them. This argument, however, cannot relieve her of her burden of proof. The IJ reasonably determined that Merlicka's testimony was so vague that it did not delineate any acts amounting to past persecution. *Cf. Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003).

■ Merlicka says she fears future persecution because of her family's persecution and the kidnappings and forced prostitution of similarly situated persons. However, the IJ reasonably found that no acts of persecution directed at Merlicka's family were proven, and that Merlicka did not carry the burden of proving by sufficient objective evidence that the harm she might suffer at the hands of any group in Albania was "on account of" any ground enumerated in the Act. The IJ's finding was supported by substantial evidence. Merlicka did not indicate at any point in her testimony that her fear of being kidnaped and forced into prostitution was based on an her race, religion, nationality, political opinion or social group.

Merlicka has not challenged the IJ's denial of her claim for withholding of removal, in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, these consolidated petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions are VACATED, and any pending motion for a stay of removal in these petition are DENIED as moot. Any pending request for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).